UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARC PIERRE HALL,

    Petitioner,

v.                                        Case No. 5:11-cv-560-Oc-30TBS

WARDEN, FCC COLEMAN- USP I,

    Respondent.

## ORDER DISMISSING PETITION

Petitioner, *pro se,* initiated this action by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner asserts two claims: (1) the Bureau of Prisons (BOP) has systemically punished mental-health related conduct without due process of law; and (2) the BOP improperly transferred him to a Special Management Unit (SMU).[1] The Respondent filed a Response to the Petition (Doc.7), together with the administrative record of Petitioner's disciplinary case. The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).[2]

---

[1] *See* Doc. 1, pg. 3.

[2] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under §2241.

## **Discussion**

Petitioner Hall is a federal inmate currently confined in the United States Penitentiary in Lewisburg, Pennsylvania, where he is serving an aggregated life sentence for his Western District of North Carolina convictions.[3] Respondent points out that Petitioner has been disciplined 61 times for various disciplinary infractions. *See* Doc. 7, Ex. 2. Petitioner asserts that the BOP has inappropriately disciplined him "for conduct directly related to mental health disorders without considering mental health evidence." In response, Respondent maintains that a BOP psychologist found no evidence that Petitioner suffers from any mental health issues. Instead, agency psychologists have found that Petitioner suffers from poor anger management and impulse control. *See* Doc. 7, Ex. 3.

Prison disciplinary proceedings are not part of a criminal prosecution, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings.[4] However, inmates are entitled to some due process protections.[5] Disciplinary decisions comport with the requirements of procedural due process when there

---

[3] A federal jury in the United States District Court for the Western District of North Carolina found Hall guilty of conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 846; two counts of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and using and carrying a destructive device (a firebomb) and destruction of real property in and affecting commerce, in violation of 18 U.S.C. §844(i). *See United States v. Hall*, 129 F.3d 1261, 1997 WL 712885, *1 (4th Cir. 1997) (unpublished decision affirming convictions and sentences on direct appeal).

[4] *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974) ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution").

[5] *Id.*

is "some evidence" to support the disciplinary decision by the fact finder.[6] In determining whether there is "some evidence" in the record to support the disciplinary decision, the federal courts do not engage in a de novo review of the evidence.[7] Petitioner does not claim that his due process rights as articulated in *Wolff* were violated. Instead, Petitioner claims that his due process rights were violated because the BOP failed to take into consideration his mental health condition. This claim lacks merit. Petitioner points to no facts in the record to support his claim of a mental health condition. His unsupported, self-serving, assertion is plainly insufficient to support a claim for habeas corpus relief.

Petitioner also claims he was improperly transferred to a Special Management Unit. Respondent states that because this claim does not challenge the fact or duration of Petitioner's confinement, it should be dismissed. The Court agrees. This claim does not challenge the fact or duration of his confinement. "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Further, pursuant to 18 U.S.C. § 3621(b), the BOP is authorized to determine a prisoner's place of confinement and has the discretion to determine whether a prisoner should be transferred.

---

[6] *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 447 (1985).

[7] *Id.* at 455.

## **Conclusion**

For the reasons set forth in this Order, the Petition for Writ of Habeas Corpus is **DISMISSED with prejudice**.  The Clerk is directed to terminate any pending motions and close the file.

The Court declines to allow Petitioner to proceed *in forma pauperis* on appeal because any such appeal would not be taken in good faith.  Any request to proceed *in forma pauperis* should be sent directly to the Eleventh Circuit Court of Appeals.  *See* Fed. R. App. P. 24(a)(5).

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE