**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MARC PIERRE HALL,

    Petitioner,

v.                                                        Case No: 5:11-cv-560-Oc-30PRL

WARDEN, FCC COLEMAN-USP I,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon a *sua sponte* review of the file. Petitioner Marc Hall is a federal prisoner serving a life sentence. On September 29, 2011, Hall filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting two claims under the Fifth Amendment: (1) the Bureau of Prisons ("BOP") systematically punished mental-health related conduct without due process of law, and (2) the BOP improperly transferred him to a Special Management Unit. (Doc. 1). The Court dismissed the petition, concluding that Hall had not presented evidence of a mental health condition and that the relief Hall requested was not available through a habeas petition. (Doc. 19). Hall appealed, arguing that the Court erred by failing to consider evidence in the record and by failing to liberally construe his petition as a civil rights claim. (Doc. 22). The Eleventh Circuit Court of Appeals reversed, finding that the Court erred because prison medical records diagnosed Hall with bipolar disorder, antisocial personality disorder, and mood disorder. *Hall v. Warden, FCC Coleman-USP I*, 571 Fed. App'x 826 (11th Cir. 2014). The Eleventh Circuit

also found that the Court erred by failing to consider whether the relief sought by Hall was available through another remedy. *Id*.

As relief, Hall seeks expungement of all his prison disciplinary convictions from 1996 to the present, release from the Special Management Unit, and placement in an alternative mental health facility. (Doc. 13 at 2). Hall's request for expungement of his disciplinary convictions and transfer to an alternative mental health facility, and challenge to the procedures used by the Bureau of Prisons during prison disciplinary proceedings, may be pursued in a civil rights action.[1] *See generally Muhammad v. Close*, 540 U.S. 749 (2004); *Wilkinson v. Dotson*, 544 U.S. 74 (2005); *In re Baker*, 469 Fed. Appx. 89, 90 (3d Cir. 2012) (unpublished) ("A request for a prison transfer is not cognizable under habeas.") (citing *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Dopp v. Jones*, 562 Fed. Appx. 637, 640 (10th Cir. 2014) (unpublished) ("a request or a 'challenge to a transfer from one security level to another or from one prison to another is cognizable under § 1983.'") (quoting *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)). His request for release from the Special Management Unit,[2] however, is properly treated as a request for habeas corpus relief.

---

[1] Although Hall was sanctioned with loss of good time credits with regard to some disciplinary convictions, there is no indication that the disciplinary actions have affected the length of Hall's sentence because he is serving a life sentence. Therefore, because Hall is not challenging the fact or duration of his confinement, his allegations are not consistent with a petition for the writ of habeas corpus, but rather are typically presented in a civil rights action. *See McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) ("any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under § 1983. . . .") (quoting *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.1979)). And because Petitioner challenges the actions of federal employees, his civil rights claims must be raised *under Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983, which applies only to state action.

[2] It would appear that the "Special Management Unit" is a housing unit within a Bureau of Prison correctional facility that "houses inmates who have been identified as having violent tendencies or who have a history of gang involvement during their incarceration." *See Shelton v. Bledsoe*, 2015 U.S. App. LEXIS 253, at* 1-2 (3d Cir. Jan. 7, 2015) (unpublished).

2

*Cf. Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003) ("Under our precedent, 'it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus' because 'such release falls into the category of fact or duration of . . . physical imprisonment delineated in *Preiser v. Rodriguez*.'") (quoting *Krist v. Ricketts*, 504 F.2d 887, 887-88 (5th Cir. 1974)).

Accordingly, it is **ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Dkt.1) is **DISMISSED**. The dismissal is without prejudice to the filing of an amended petition, within thirty (30) days from the date of this Order, challenging only Petitioner's confinement in the Special Management Unit.

2. To the extent that Petitioner wishes to challenge the conditions of his confinement, i.e., the procedures used by the Bureau of Prisons during prison disciplinary proceedings, and the failure to provide adequate mental health treatment/request for transfer to medical health facility, his proper avenue for relief is to file a civil rights/*Bivens* action in a new case with a new case number.[3]

---

[3] Although a court may construe a habeas petition as a civil rights action, see *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), it would not be appropriate to do so in the instant case because the petition was not accompanied by either the filing fee or an application to proceed *in forma pauperis*. If the petition were converted to a *Bivens* complaint, Petitioner would be obligated to pay the filing fee (either $400.00 or $350.00 if proceeding *in forma pauperis*) either in full or through periodic payments from his prison trust account in accordance with 28 U.S.C. § 1915(b). Petitioner should be given the opportunity to determine whether or not he wishes to incur the filing fee obligation, as well as the possibility of a "strike" against him for purposes of 28 U.S.C. § 1915(g) (providing that a prisoner who has three "strikes" – dismissals of actions on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted — may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury.").

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copies furnished to:</u>
Petitioner *pro se*
Counsel of Record